IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GLEN GEORGE**, | Case No. 3:13-cv-1505-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN COLVIN**, Commissioner of Social Security | |
| Defendant. | |

Merrill Schneider, SCHNEIDER KERR & GIBNEY LAW OFFICES, P.O. Box 14490, Portland, OR 97293.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; John C. LaMont, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Glen George seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. United States Magistrate Judge John V. Acosta issued his Findings and Recommendation in this case on December 30, 2014. Dkt. 12. Judge

PAGE 1 – OPINION AND ORDER

Acosta recommends that the Commissioner's decision be affirmed. Mr. George timely filed an objection, Dkt. 14, to which the Commissioner responded. Dkt. 15. For the reasons below, the Court adopts Judge Acosta's F&R and affirms the Commissioner.

## STANDARD OF REVIEW

In a social security case decided in the first instance by a magistrate, review of the magistrate's opinion entails review of the underlying social security decision. Therefore, two decisions in this case are subject to review by this Court—the first by the Commissioner, and the second by Judge Acosta. By statute, the two decisions are entitled to two different standards of review.

**A. The F&R**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

PAGE 2 – OPINION AND ORDER

**B. The Commissioner's Decision**

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

## DISCUSSION

Mr. George objects to Judge Acosta's F&R and argues that the ALJ erred in four ways. Mr. George's arguments were, in large part, presented to Judge Acosta and addressed in Judge Acosta's F&R. To the extent that Mr. George reiterates those arguments, the Court, having reviewed the F&R *de novo*, agrees with and adopts Judge Acosta's reasoning. The remainder of this opinion discusses only those arguments not already addressed by Judge Acosta.

### A. Mr. George's Testimony

Mr. George argues that the ALJ improperly rejected his testimony and that Judge Acosta impermissibly affirmed the ALJ on grounds that the ALJ did not invoke. The ALJ advanced three specific grounds for discounting Mr. George's testimony: his activities of daily living, a trip to Disneyland, and his mood-tracking activity. Mr. George argued on appeal that these were not clear and convincing reasons to reject his testimony, but Judge Acosta observed that the ALJ "also relied on the Claimant's medical record, inconsistent statements, and effectiveness of treatment to discredit the testimony." F&R at 18. Accordingly, Judge Acosta affirmed the ALJ. Mr. George now argues that this was improper because those were not grounds "specifically invoke[d]" by the ALJ. Dkt. 14 at 2.

An ALJ need not use "magic words" to support a decision with a particular rationale, and a reviewing court may "draw[] specific and legitimate inferences from the ALJ's opinion." *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .' But our cases do not require such an incantation." (ellipsis in original)). Judge Acosta did not invent the additional rationales out of whole cloth: although ALJ did not explicitly link them to his decision to reject Mr. George's testimony, each rationale appears in the ALJ's opinion. Therefore, Judge Acosta merely drew the appropriate inference that they influenced the ALJ's decision. Judge Acosta did not err in this regard. The ALJ's reasons for rejecting Mr. George's testimony, taken as a whole, were clear and convincing.

### B. The ALJ's Use of the Medical–Vocational Guidelines

Mr. George asserts that the ALJ improperly relied on the Medical–Vocational Guidelines (the "grids") rather than call for the testimony of a vocational expert ("VE"). The ALJ found that Mr. George's residual functional capacity ("RFC") included the ability to perform the full range

PAGE 4 – OPINION AND ORDER

of work at all exertional levels, with a single non-exertional limitation to "only occasional contact with the public, co-workers, and supervisors." TR 25. Mr. George argues, citing SSR 85-15, 1985 WL 56857, that this limitation is a "substantial loss of [the] ability" to "respond appropriately to supervision" that requires the ALJ to consult a VE. Mr. George further argues that Judge Acosta failed to address this argument.

SSR 85-15 does not specify how severe a non-exertional limitation must be before it is considered a "substantial" loss of the ability to meet the "basic mental demands of competitive, remunerative, unskilled work." *See id.* Nor does SSR 85-15 specify that the ALJ must consult a VE to make that determination. Therefore, nothing in the social security regulations prohibited the ALJ from determining, without the assistance of a VE, that Mr. George's non-exertional limitation had "little or no effect on the occupational base of unskilled work." TR 30; *see* 20 C.F.R. § 404.1566(e) (reserving the decision whether to use a VE to the ALJ). Thus, the Court adopts Judge Acosta's finding that the ALJ did not err in this regard.

## CONCLUSION

The Court ADOPTS Judge Acosta's Findings and Recommendations (Dkt. 12). The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 2d day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge